THOMAS YULE, PLAINTIFF AND APPELLEE, V. AMELIA P. WEBSTER, DEFENDANT AND APPELLANT.

1. **Foreclosure of Mortgage:** ACTION QUIA TIMET: ESTOPPEL. K. was the owner of real estate upon which, and other lands, V. held a mortgage, and upon which B. held a tax deed. K. died intestate, leaving R. K. his sole heir at law. C. administered on the estate of K. V. brought suit to foreclose his mortgage, making C. and B. defendants, but not R. K. The trial court rendered a decree in favor of V. foreclosing his mortgage, and finding due him thereon, $1,908.04, and finding and decreeing that the tax deed of B. conferred upon him a valid title to the land conveyed by it. It was afterwards discovered that by mistake of the court the decree in favor of V. was too great in amount, that the amount due him on said mortgage was only $1,681.87. Thereupon the respective attorneys of V. and C. made and filed in said court a stipulation for the modification and correction of said decree as to the amount thereof only, and

upon their request B. also signed said stipulation.  R. K. afterwards, in consideration of the release and satisfaction of said mortgage, made a quit-claim deed to V. of all the lands covered by said mortgage.  B. afterwards conveyed the land covered by his tax deed to W., and V. conveyed the same land to Y.  In an action between Y. and W. involving the title to said last mentioned land, *Held*, That Y., as grantee of V. with notice, was not estopped to deny the title of W. derived from B.

2.  The Pleadings and evidence examined, and *Held*, To sustain the judgment.

APPEAL from the district court of Pierce county. Heard below before CRAWFORD, J.

*H. C. Brome*, for appellant, cited: *Wightman v. Spofford*, 56 Iowa, 145.  *Raymond v. Morrison*, 59 Iowa, 371. *Oliver v. Piatt*, 3 How., 333.  *Dickerson v. Colgrove*, 100 U. S., 578.  *May v. LeClaire*, 11 Wallace, 217.  *Hoyt v. Schuyler*, 19 Neb., 652.  Devlin on Deeds, Vol. 2, Sec. 733.  *Hoppin v. Doty*, 25 Wis., 573.  *Eck v. Hatcher*, 58 Mo., 235.

*J. A. Smith* and *Pemberton & Bush*, for appellee, cited: Freeman on Judgments, Sec. 329.  *State of Wis. v. Torinus*, 28 Minn., 175.  *Wilson v. Myers*, 15 Am. Dec., 510 –512.  *Chichester v. Cande*, 15 Am. Dec., 238.  *Allen v. Bradford*, 37 Am. Dec., 689–690.  Winfield's Adjudged Words and Phrases, 427.  Weeks on Attorneys, Secs. 238, 239, 248, 242.

COBB, J.

This is an appeal from the judgment of the district court of Pierce county, in an action involving the title to one-half section of land in said county.

The petition alleges that the plaintiff is the owner in fee simple of the south-east quarter and the north-west quarter of section 25 of township 25, range two, and also the south-east quarter of section 25 of township 26, range

36

three west; that on April 2, 1874, one Frank Kipp died intestate, seized of said premises in fee, leaving as his sole heir Ralph Kipp, from whom plaintiff derives title by absolute deeds of conveyance; that the defendant claims title by the warranty deed of one James H. Brown, March 19, 1881, and recorded in the records of said county; that the title of said Brown is derived from a certain tax deed executed by the treasurer of said county, August 30, 1879, and recorded in the records of said county, said tax deed having been executed upon a pretended tax sale for the delinquent taxes of 1873 on said land, and which tax deed is void, for the reasons that the county treasurer failed to affix his official seal to the deed; that it was not attested by the county clerk with his official seal; that the sale purports to have been made by the treasurer at private sale, March 1, 1875, and who failed to offer the same at public sale in the fall of 1874, as required by law, and failed to file in the clerk's office of said county on October 1, 1874, a return of his sale of land delinquent for taxes in 1873 and 1874; that said treasurer failed to give the notice required by law for such sale of lands for delinquent taxes of 1873 and 1874; that on July 7, 1873, the board of county commissioners of said county levied the necessary taxes for that year, and levied for county purposes, for the general fund *five* mills on each dollar valuation, for the sinking fund *one* mill on each dollar valuation, for the bridge fund *one* mill on each dollar valuation, for expenses of court-house *one* mill on each dollar valuation, for land road tax *three* dollars on each 160 acres of land, and for school district tax ...... ......

It is alleged that said county was without a bonded debt, and that said sinking fund levy was without authority of law and is void. Also that said levy for court-house expenses, and for bridge funds, were each without authority of law, and that said illegal levies were charged against said land and were part of the consideration for

which the same was sold, and for which the tax deed was given.

It is alleged that the assessor did not subscribe an oath and attach the same to the assessment roll, as required by Sec. 12, Chap. 66 of the General Statutes; that the said treasurer, at the sale of March 1, 1875, sold the lands mentioned for a greater sum than was due for taxes, interest, and penalty for all purposes under the statutes of this state, conceding that the whole levy was lawful.

It is further alleged that Frank Kipp, on January 1, 1874, executed to John A. Van Steenberg a mortgage on said lands for the payment of $1,000 in six years from date; that in 1879 said Van Steenberg commenced in the district court of said county a foreclosure of said mortgage against A. A. Campbell, administrator, and Mary Briggs, administratrix, of Frank Kipp, deceased, and James H. Brown, to whom said tax deed was executed; that said Brown upon answer and cross-bill, in which was set up his pretended tax title, on September 8, 1879, obtained a decree, quieting his title as against said Van Steenberg's mortgage, and the administrator and administratrix, who made no answer; that in the foreclosure of the mortgage, under which decree the defendant claims title by virtue of Brown's deed to her, Ralph Kipp, under whom the plaintiff claims, and who is sole heir to Frank Kipp, who died April 2, 1874, was not made a party to the action. The plaintiff offers to pay, tenders, and brings into court, to and for the defendant, the amount of taxes paid by her and her grantor, upon the lands in controversy, with twelve per cent interest from the date of each payment. Plaintiff prays that the decree of September 8, 1879, the deed of said Brown to the defendant, and the deed of the county treasurer to Brown, be set aside and declared null and void ; that an accounting be had of the taxes paid by her and her grantor on said lands, and that plaintiff be permitted to pay the same to her, and that the cloud on

plaintiffs' title to said lands, by reason of said decree and deeds, be removed.

The defendant's answer admits that on April 2, 1874, Frank Kipp died intestate, seized of said lands in fee simple, leaving as sole heir Ralph Kipp, but denies the plaintiff's title therein. She also admits that she claims title by warranty deed dated March 19, 1881, of James H. Brown, whose title is by county treasurer's tax deed, dated August 30, 1879, but denies that it is void for the reasons alleged.

She further alleges that more than three years have elapsed, prior to the commencement of this suit, since the execution and recording of the treasurer's deed to said Brown, and the plaintiff's action is therefore barred by the statute of limitations. She further admits that Frank Kipp, in his life-time, on January 1, 1874, mortgaged said lands to John A. Van Steenberg for $1,000, due in six years from date, and that in 1879 said Van Steenberg foreclosed said mortgage against the administrator and administratrix of Frank Kipp's estate, and alleges that said Brown was a party defendant, and upon answer and cross-bill set up his tax title, which, on September 8, 1879, by a decree of the district court of Pierce county, was quieted against said Van Steenberg's mortgage, and the said administrator and administratrix, who made no answer; that by said decree it was adjudged and determined that the tax deed executed by the county treasurer to the defendant Brown was in all respects regular and according to law, and that Brown have absolute title, in fee simple, to said lands, under his said tax deed. She further alleges that subsequent to said decree, on November 13, 1879, Ralph Kipp, sole heir of Frank Kipp, deceased, and A. A. Campbell, his administrator, executed to said Van Steenberg a quit-claim deed to said lands; that subsequently, on December 23, 1879, certain changes and modifications were made in said decree, by an agreement between all

the parties to said action, but the portion of the decree quieting the title of Brown was retained, and at the foot thereof all the parties executed and signed the following stipulation in writing : " We hereby agree and stipulate that the judgment and decree heretofore rendered and entered up in said cause, on the 8th day of September, 1879, be so modified and entered up as above set forth, and the same to be entered of record as the decree of said court in said cause;" that said agreement was executed on December 23, 1879, and said decree so modified in accordance with said stipulation was duly filed and entered in the clerk's office of said county. The defendant further denies every allegation of the plaintiff not herein expressly admitted.

The plaintiff, by his amended reply to the defendant's answer, denies that any such decree mentioned in her answer was ever made or authorized by the district court of said county, and says that the pretended decree mentioned was entered on the records of said court by some one unknown to the plaintiff, without authority of the court, and contrary to the finding in the case in which it purports to be the judgment of the court, alleging that the judgment which was made in the case was, that the plaintiff, John A. Van Steenberg, have judgment against the defendants, A. A. Campbell, administrator, and Mary Briggs, administratrix, of the estate of Frank Kipp, deceased, in the sum of $1,908.04, together with an attorney's fee of $150, and the mortgaged premises ordered to be sold subject to a paramount tax lien of J. H. Brown.

The plaintiff further denies that, on November 13, 1879, or at any other time, Ralph Kipp or A. A. Campbell ever made to said Van Steenberg a deed of said lands, or any part of it, and alleges that no deed of any kind was ever made to him, or to any one authorized to receive it, for any part of said land, by said Kipp, or by any one for him, and that said Van Steenberg never had knowl-

edge of the existence, or paid consideration for such deed, and if the same was ever written or signed by said Kipp, it was without the knowledge or consent of said Van Steenberg, and against his interest, and with fraudulent intent of parties procuring it to cheat and defraud Van Steenberg out of his interest in said lands, and obtain the title, of record, to be placed in themselves, and that the parties who procured this, as plaintiff is informed and believes, are E. P. Weatherby, who had been the attorney of Van Steenberg in said foreclosure, and James H. Brown, whom the defendant claims to have derived title to the lands in controversy; that the date of said fraudulent deed from Kipp to Van Steenberg was December 13, 1879, and not November 13, as alleged.

Plaintiff denies that any changes or modifications were made in the decree of September 8, 1879, as alleged in defendant's answer, with the knowledge or consent of said Van Steenberg, or that any modified decree or judgment was ever made between the parties to said suit by Van Steenberg, or by his authority or consent, but alleges that the amended and modified decree mentioned in said answer was signed by E. P. Weatherby, as attorney, without the authority or knowledge of Van Steenberg, and after his authority as attorney had ceased, and for fraudulent purpose, and with fraudulent intent of cheating Van Steenberg out of his interest in said lands, aided and assisted in his fraudulent purpose by said Brown, who signed said modified decree, knowing that said Weatherby had no authority as attorney for Van Steenberg, and for the purpose of sharing in the title to said lands through the modified decree.

Plaintiff alleges that the date of the modified decree was December 3, 1879, and not December 23, as stated by defendant, and that the date of the original instrument by Weatherby, as attorney for Van Steenberg, Brown, and others, has been changed from the 3d of December, 1879,

to the 23d of said month, and a like change appears upon the records of the court prior to this action; and it is further alleged that the decree of September 8, 1879, was duly recorded in the clerk's office of said county, but that the modified decree was not recorded at the time plaintiff purchased the lands in controversy; that plaintiff is an innocent purchaser, for a valuable consideration, relying upon the records of the county clerk's office, without notice or knowledge of said amended decree.

Afterwards the plaintiff, by leave of the court, amended his reply by striking out the second paragraph, and substituting therefor that he denies that Ralph Kipp and the administrator of Frank Kipp, deceased, executed to Van Steenberg a quit-claim deed of said lands, November 13, 1879, but alleges that the same was not executed until February 18, 1880, at which time the same was executed and delivered to E. P. Weatherby, as attorney for Van Steenberg; that the sole consideration was the release by Van Steenberg of all claims against Kipp's estate, and the acceptance was in satisfaction of all claims, and of the foreclosure of the mortgage in the action brought by Van Steenberg, being the judgment and decree under which the defendant claims title herein; that said Weatherby, as attorney, on February 18, 1880, executed and delivered to Ralph Kipp and the administrator of the estate of Frank Kipp, deceased, a release of all claims of Van Steenberg against said estate, which was in satisfaction of the judgment and decree of foreclosure, of which the defendant and her grantor had full notice at the time she purchased the lands now claimed by her in this action.

On December 12, 1887, Eugene Moore was appointed sole referee, to whom it was referred to find and report the amount of taxes and interest paid by defendant and her grantors on the said lands, and on January 11, 1888, the referee reported that the taxes, and interest at 12 per cent from the date of payment to the date of the report,

paid by defendant and her grantor amounted to the sum of $939.59.

There was a trial to the court, which found that the plaintiff is the owner in fee simple of said lands, subject to the payment of taxes and interest thereon; that the tax deed executed by the treasurer of Pierce county to James H. Brown, August 30, 1879, is null and void; that the defendant's deed from said Brown conveyed no title to said lands; that the judgment in favor of said Brown, and against said Van Steenberg, under which defendant claims title, was and is null and void as to this plaintiff and said Ralph Kipp, under whom plaintiff claims, for the reason that Kipp was not a party to the action in which said judgment was rendered; that the amended and modified decree described in the defendant's answer was actually dated on the third day of December, 1879, and not on the twenty-third of said month, as alleged in said answer, and that the deed of said premises from said Kipp to Van Steenberg, although dated December 13, 1879, was not executed and delivered until February 18, 1880, and did not take effect until said last named date; that said modified and amended decree, described in the answer, was not signed by Van Steenberg nor authorized by him, and is of no force and effect as against him or the plaintiff. And the plaintiff is entitled to a decree, as prayed, on payment into court for the use of defendant, within six months from this date (May 27, 1887), the amount of taxes paid upon said premises by the defendant and her grantor, J. H. Brown, with interest at the rate of twelve per cent per annum, from the date of such payments to that of this decree; and the court finds the amount of said taxes and interest is $939.59, and it is therefore considered, adjudged, and decreed in favor of the plaintiff, in accordance with the findings set forth.

The defendant brings the case to this court by appeal.

The appellant, in her argument to sustain her title to the lands in question, does not seek to establish or maintain the title of her grantor from his tax deed, neither on its original validity nor as adjudicated in the original decree in the foreclosure of Van Steenburg against the administrators of Kipp's estate, but presents an exhaustive argument in support of the proposition that both Van Steenburg and Ralph Kipp, as well as their grantee, the plaintiff, are estopped to assert title to the lands by reason of the terms of the modified decree in their cause. As a necessary point in her argument, she contends that this modified decree was entered and dated December 23, 1879, while the court below found and decreed that it was made, entered, and dated on the third day of December, 1879. The importance of this date arises from the fact alleged by defendant, that on December 13, 1879, Ralph Kipp executed and delivered to Van Steenberg a quit-claim deed of the lands, and the argument maintains that Van Steenberg being the owner of the lands, and by his attorney consenting and stipulating for a modification of the decree which recognized the title of Brown to the lands by virtue of his tax deed, is estopped to deny Brown's title. It is true that defendant also contends, in view of the evidence and the finding of the court, that even if Van Steenberg had not obtained the title to the lands at the time of the modified decree, but had obtained it afterwards, both he and his grantee would be estopped to deny Brown's title by reason of his previous consent to the modification of the decree. It appears from the evidence that the original decree of foreclosure of Van Steenberg against the administrators of Kipp and J. H. Brown was for $1,908.04. Afterwards negotiations were entered upon between the administrators of Kipp, through Uriah Bruner, their attorney, and E. P. Weatherby, attorney for Van Steenberg, for the re-adjustment of the mortgage claim, and the release of a parcel of real estate not involved in

this controversy, out of which to defray the expenses of the last illness and funeral of the deceased. During the negotiation it was discovered and admitted that a mistake had been made in computing the amount due Van Steenberg from the estate; that the amount due on the mortgage was only $1,681.87. Accordingly it was desired by the parties to the negotiation to rectify the decree as to the amount found due, only. For some reason which does not appear in this proceeding, probably the length of time intervening before the next term of the district court, the idea was conceived and carried out by the parties to make the correction by stipulation in writing, out of court, and not by the order and decree at the next term of the court. The stipulation set forth was made accordingly. This modification in no respect changed or affected that part of the decree in favor of Brown, or that in which he had an interest. If it can be considered a part of the record, which is doubtful, the name of Brown adds nothing to its legal effect.

Counsel in their brief attach importance to the fact that Weatherby, who stood for Van Steenberg, and Bruner, who stood for Kipp, represented to Brown that a quit-claim deed had been made from Ralph Kipp to Van Steenberg, when they asked him to consent to the modification of the decree, and that on this condition only he consented to its modification. While this fact is probably not proved, and is certainly inconsistent with the findings of the court, I do not perceive that the gratuitous and inconsequent consent of Brown to this stipulation can be held to be of importance in the controversy, either as an estoppel or in any other sense. The modification of the stipulation was adverse to Van Steenberg. He gained nothing, nor could he gain any right or advantage by it, had he been present, either in person or through an authorized agent. He could have made the concession, or entered a remittitur to reduce the amount of his claim without the consent of

Brown, or other person, and without estopping himself to deny the binding effect of the decree, so reduced, upon any right of his.   This I think will be true in its application to this case, even had he, prior to that, received the deed of the lands from Ralph Kipp.   But it appears from the evidence, as well as the findings of the court therefrom, that the adjustment of the amount of the decree was preliminary to the arrangement between Kipp and Campbell on the one part, and Weatherby for Van Steenberg on the other, which was consummated by the execution and delivery of the deed from Kipp to Van Steenberg through Weatherby, and the satisfaction of the mortgage and deed by Weatherby to Campbell as administrator.

For all that appears in the record, the claim of title of Brown to the lands in question was a naked tax title, open to various serious objections and defenses, and unaccompanied by either possession or improvements.   The recording of his tax deed made it incumbent on Van Steenberg to make him a party to his foreclosure suit, but it conferred no equitable rights, and simply gave him the opportunity to maintain his tax title.   In any settlement, concession, or litigation between Van Steenberg and the heir at law and the administrators of Kipp, he had no interest, and no act of either one of them, as such, will work an estoppel in his favor.

The exigencies of time forbid following counsel of either side in their extended arguments upon numerous points presented as of importance in this case.   Nor do I conceive it to be indispensable to its careful decision.   No argument is offered nor objection made to the findings of the court, as against Brown's tax title, nor as to the authority of the court to set aside the original decree of the district court, upholding his title.

The findings and decree of the district court are sup-

ported by the pleadings and evidence, and meet our appro-
bation as a final disposition of the case.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.